"When a party to any proceeding expressly refers to any other person for information in reference to a matter in dispute, the statements of that other person may be admissions as against the person who refers to him."

The rule, so stated, is an approved one; but the reference to "seeing" Levor, above quoted, does not make it applicable to this case. If, after the agent had taken the position that he had been defrauded by reason of defendant's statements being false, the defendant had referred him to Levor as to their truth or falsity, the above rule would be applicable. Under such circumstances, defendant would be authorizing Levor to speak for him, and Levor's statements would be equivalent to defendant's own admissions; but the reference to Levor, as actually made, was not at all of that character. No dispute then existed. It was not a reference to Levor as to whether defendant was then telling the truth or not. It was but a suggestion that Levor would soon return, and then the agent, if he preferred, could make the deal directly with him. The defendant wanted a continuing credit for meat to be delivered in small quantities, at various times in the future; and the statement that the agent could very soon see Levor himself was but equivalent to saying: "If you do not want to deal with me now, wait and get authority directly from him." It was a suggestion that Levor would, if applied to, speak for himself as to whether he would "back" defendant, and the extent to which he would do so, and undoubtedly tended to induce belief on the agent's part that defendant was telling the truth; but it was not by any means authority to Levor to declare for defendant that the statements he was then making were false. In order to render one party responsible for the declarations of another under such circumstances, the authority to make them should be plainly conferred. Lambert v. People, 76 N. Y. 220. In the case at bar, defendant's statement that the agent could "see Levor," under the circumstances in which they were made, conferred no authority upon Levor to speak for any one but himself. It was, of course, an essential element of plaintiff's right to recover that the statements made by defendant, and on which the agent relied, were false. This fact he has failed to establish by any legitimate proof, and for that reason the judgment against defendant cannot be sustained.

The judgment of the county court and of the justice is reversed, with costs. All concur, except HERRICK and MERWIN, JJ., dissenting.

---

REYNOLDS v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

CARRIERS OF PASSENGERS—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Plaintiff, who had purchased a ticket to a certain point, testified, without corroboration, that as he was attempting to alight at an intermediate station the train suddenly started, and threw him to the ground, while many witnesses for defendant swore that plaintiff attempted to leave the car before it stopped, and others contradicted him on other points. *Held*, that an order setting aside a verdict for plaintiff as against the weight of the evidence would not be disturbed.

Appeal from trial term, New York county.

Action by James Reynolds against the New York Central & Hudson River Railroad Company. From an order granting a new trial after a verdict for plaintiff, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Thomas P. Wickes, for appellant.
Daniel W. Tears, for respondent.

RUMSEY, J. The action was brought to recover damages for personal injuries received by the plaintiff while a passenger upon the train of the defendant going from New York to Yonkers, on the 6th of October, 1894. As the result of the trial the plaintiff recovered a verdict for $2,500, which was set aside, and a new trial ordered, by the trial judge, upon the ground that the verdict was contrary to the weight of the evidence. The claim of the plaintiff was that on the night of October 6, 1894, he had bought a ticket to go from New York to Yonkers; that when the train reached Kingsbridge he started to leave it, intending to take another train which reached Yonkers at a station nearer his house than the one upon which he was then riding; that as he was debarking from the train, after it had stopped at the station, it suddenly started with a jerk, and he was thrown to the ground, his hand striking the track in front of the wheels, which passed over it, and crushed it. He said that after he had fallen the train was stopped, and he was taken aboard again, and taken to Yonkers. The ground of his complaint was that the train was started as he was getting off, without giving him an opportunity to step upon the ground. No other witness than he was sworn in his behalf on that subject, and the fact that the train was started as he was getting off of it stands upon his uncorroborated testimony. On the part of the defendant several witnesses were sworn upon that subject, some of whom testified that the plaintiff attempted to leave the train before it had stopped at the station, and fell in his attempt. Others testified that the train, after stopping at the station, and starting again, was not stopped until it reached the next station, and that it was not started and stopped after proceeding a short distance, as testified to by the plaintiff. Upon these two points the evidence was overwhelming, and while the testimony was that of interested witnesses, as was also the testimony given on behalf of the plaintiff with regard to the accident, yet there was so much of it, and it was so given, as to entitle it to very great weight. There was evidence, in addition, tending to show that the plaintiff, at the time of receiving the injury, was considerably intoxicated. That he had been drinking something was not denied, but he did deny that he was intoxicated, and in that respect he was corroborated by other witnesses, so that upon that subject there was a fair conflict of testimony. But the serious question in the case, as will be seen, was whether the train was started without giving the plaintiff an opportunity to leave it. In considering that question it must not be

forgotten that the defendant's trainmen had no reason to suppose that the plaintiff was about to leave the train, because he had taken a ticket for Yonkers, and the train had not yet reached that station. Upon the whole case, it is quite clear that the evidence in favor of the defendant was largely preponderating upon the vital question whether the train started while the plaintiff was getting off from it. In such cases as this, where the trial judge, who heard the testimony, and saw the witnesses, has set aside the verdict because it is against the weight of evidence, great weight is to be attached to his conclusion, and, unless the appellate court can clearly see that he is wrong in his decision, the order granting a new trial should be affirmed. Such must be the result in this case, and the order must be affirmed, with costs to the respondent to abide the event of the action. All concur.

Argued before RUMSEY, WILLIAMS, PATTERSON, O'BRIEN, and PARKER, JJ.