The respondents' counsel cites the case of Railway Co. v. Pierce, 47 Mich. 277, 11 N. W. 157. The case hardly contains his contention, as that was a case where a passenger was wrongfully on a train, and was ejected, and it was held that he could not recover damages for his removal except for needless violence; but in the case at bar the plaintiff was lawfully on the train. We also notice that this case expressly holds that railway passengers have a right to rely upon the information received by them from ticket agents in answer to their inquiries as to the stoppages of trains. So, also, in another case cited by the appellant's counsel (Wells v. Railroad Co., 67 Miss. 24, 6 South. 737), the court held that it was only in the absence of a special contract that a passenger could complain of the refusal to stop a train at a station other than a scheduled station. In the two other cases cited by him (Railway Co. v. Hassell, 62 Tex. 256, and Trotlinger v. Railroad Co., 11 Lea. 533), there is a recognition of the rule that, while the company may establish reasonable regulations for running and stopping of its trains, they must give reasonable notice thereof, and they do not controvert the doctrine for which the plaintiff contends, that he had the right to rely upon the information received from the ticket agent.

We must therefore conclude that the plaintiff was lawfully on the train, and that, by his contract with the company, he had the right to be let off at Sparrow Bush, unless the conductor offered him the option of going on to Pond Eddy, or of leaving the train; and that, as there was contradictory evidence on that subject, the question of fact should have been submitted to the jury, and the dismissal of the complaint was error.

The judgment must be reversed, and a new trial granted.

---

(21 App. Div. 427.)

PIERCE v. METROPOLITAN ST. RY.

(Supreme Court, Appellate Division, First Department. October 22, 1897.)

1. REVIEW ON APPEAL—SUFFICIENCY OF EVIDENCE.
    Where the evidence is such that a case must be submitted to the jury, the verdict is not necessarily final, and the question is still to be determined on appeal whether it has been found in favor of the party who has produced a preponderance of evidence, or whether it is such that the court must state that it was the result of passion or mistake on the part of the jury.

2. INJURY TO PASSENGER—EVIDENCE.
    Where disinterested evidence shows that plaintiff, a passenger on a street car, alighted while the car was in motion, after a signal by the conductor to stop, a verdict for plaintiff will be set aside, though she states that the car came to a full stop, and started while she was attempting to get off.

Appeal from special term.

Action by Sarah Pierce against the Metropolitan Street Railway. Judgment for plaintiff, and from the judgment and an order denying a new trial the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles F. Brown, for appellant.
Christopher Fine, for respondent.

RUMSEY, J. The action was brought to recover damages which the plaintiff alleged she suffered by being thrown from one of the cars of the defendant's railway as she was alighting from it. At the trial she had a verdict, and the defendant's motion for a new trial was made upon the ground, among others, that the verdict was contrary to the evidence, which was denied, and judgment was entered upon the verdict. From the judgment and order.this appeal is taken.

It appears that in the month of May, 1894, the plaintiff was a passenger upon the defendant's railway. She was riding in an open car up Amsterdam avenue. Just before reaching 105th street, she sought to alight from the car; and as she was doing so she fell to the.ground, and received the injuries which she complained of. These facts are not disputed by anybody. The serious question, however, is whether the car had come to a stop before she attempted to alight, and was started again while she was in the act of getting off from it, so that she was thrown down, or whether she lost her footing before attempting to alight, while the car was in motion, in which case there is no doubt that the defendant would not be liable, under the circumstances. This question was decided by the jury in favor of the plaintiff, and the most serious question presented in the case is whether the verdict of the jury was based upon sufficient evidence, or whether there was such a preponderance against it that justice requires that it should be set aside and the case submitted to another jury. The learned justice at the trial term denied the motion for a new trial, which was made upon the ground that the verdict was contrary to the evidence. Usually the question whether the evidence which the verdict is based upon is sufficient to warrant it is one which is peculiarly for the decision of the judge before whom the case was tried, and who saw the witnesses; but his decision, in the nature of things, cannot be conclusive. Great weight must be given to it, of course; but, when an appeal shall be taken from his ruling upon the point, the question to be decided is whether, giving to his ruling all the weight to which it is entitled, the appellate court can say that the jury might properly have reached the conclusion which they did upon the evidence presented by the record. If they can, the order should be affirmed; but if, notwithstanding the decision of the trial judge, the appellate court are of the opinion that there was not sufficient evidence to warrant the verdict which was rendered, it is their duty to set it aside, that the case may be submitted to another jury. It is not enough to sustain a verdict in any case that there was evidence that required the case to be submitted to the jury. It is easily conceivable, and it is frequently the case, that the action may be of such a nature, and the plaintiff's case may be sustained by so much evidence, that, if there were no conflicting testimony: the right of the plaintiff to recover could not be denied. Where that is the plaintiff's case, and the defendant presents testimony tending to contradict or overthrow it, the case must go to the jury, and it would be error to make any other disposition of it; but it does not follow that the verdict of the jury in such cases is final. The question is still left to be determined whether the verdict has been found in favor of that party who has produced a preponderance of the testimony, or whether the testimony of the defeated party

is so excessively preponderating that the court must say that the verdict was the result of passion, prejudice, or mistake on the part of the jury, and that the ends of justice require that the case should be submitted to another jury. Mulligan v. Railroad Co. (Sup.) 11 N. Y. Supp. 452; Reynolds v. Railroad Co., 20 App. Div. 339, 46 N. Y. Supp. 763.

The story of the plaintiff in this case was that the car in which she was riding was an open car. She had not had a seat in it, but was standing between two of the seats which ran across the car. As she approached 105th street she gave a signal to the conductor to bring the car to a stop, that she might alight at the crossing of that street. The conductor signaled to the driver, and thereupon he proceeded to apply the brakes and bring the car to a stop. She says that the car came to a full stop, and when it did so she proceeded to step off from it, and as she was in the act of doing so the car was started with a jerk. She was thrown to the ground, and received the injuries of which she complained. Several other witnesses were sworn on the part of the plaintiff, but no one of them was present at the time of the accident, or saw it, or gave any information on the subject. The case stood solely upon her testimony as to the way in which the accident occurred, and there was no evidence whatever to corroborate her upon that point. Nevertheless, at the time when she closed her case, her evidence being entirely undisputed, it was clearly sufficient to carry the case to the jury. The defendant produced six witnesses who were present and saw the occurrence, or some part of it. Three of those witnesses were persons who never in any way, so far as appears, were connected with the defendant; and one of them was the conductor of the car from which the plaintiff fell, but who had since December, 1895, ceased to be in their employ. Each one of these witnesses gives a version of the occurrence which does not in any essential particular vary from the version of any other of them. There are some incidental and immaterial variations, but, as to what occurred when the plaintiff attempted to alight, their testimony is substantially the same, with the exception, perhaps, that one of the witnesses thinks that the plaintiff, as she stood upon the step of the car, had her pocketbook in one hand, and was holding her skirts with the other, while some of the other witnesses think that she held with one hand the post which sustains the roof. But this variation, if it be in fact one, is quite immaterial. It may well be that as she stood upon the step, preparing to alight, she did hold the post for a time, and, before she alighted, ceased to take hold of it, and grasped her skirt to hold it while she stepped off. The variation is not of sufficient importance to throw any discredit upon the testimony of either witness. The story of these witnesses is, substantially, that the plaintiff was sitting in the car; that as the car approached 105th street she rose and gave the signal to the conductor that she wished to alight; that the speed of the car diminished; that the plaintiff stepped upon the step which ran along the car, and thence upon the ground, just before the car stopped; that as she reached the ground she either fell at once, or stumbled and fell almost immediately afterwards; and that all this occurred before the car had come to a stop, but while the driver was

applying the brakes. In regard to this matter all these witnesses are unanimous. Poland, the driver, who did not see the accident, be-cause it occurred behind him, testified positively that the car did not stop and start again before the plaintiff fell, but that he first learned that she had fallen before the car stopped. Bader, the conductor of a car which was passing this one at the time of the occurrence, says that he saw the conductor of this car get off the car to go to the assistance of the plaintiff after she had fallen, and that at this time the car upon which the plaintiff was had not yet stopped. This is substantially the testimony upon the essential question whether the plaintiff attempted to get off the car before it stopped, or whether it had stopped before she got off, and she was thrown to the ground by a sudden jerk upon starting. Upon this question the overwhelming preponderance of testimony is clearly with the defendant. There was nothing to throw any discredit upon any of the witnesses produced by it upon this point. Only two of them were in its employ, and neither of them saw the accident as it occurred. Zelander, the man who was the conductor of the car, and had been in the employ of the company, had ceased to work for it for a considerable time; and presumably he had no interest whatever in the result of this action, because there was no claim at all that he had given any signal or done any act which caused the car to start before the plaintiff got off from it, and he was in no wise responsible, upon any theory of the case. The other witnesses were credible people, apparently, and entirely disinterested. No attack is made upon any of them. The story they told was reasonable and probable. Upon the whole case, it would seem that the jury should have accepted their version of the facts; and, if they did accept it, it was quite clear that the plaintiff failed in proving the essential point, which was the negligent starting of the car while she was alighting from it. Upon the whole testimony, we are satisfied that the verdict was flagrantly against the weight of evidence, and we believe that the ends of justice will be subserved by the submission of the case to another jury. Several exceptions were taken upon the trial which we have not thought it necessary to consider, in view of the disposition of the case made.

The order denying a new trial must be reversed, and a new trial granted, upon condition that the defendant pay to the plaintiff the costs and disbursements of the former trial; the appellant to have costs of this appeal, to abide the event of the action. All concur.