order denying the motion for a new trial, as well as from the judg-
ment.    But, in fact, no motion for a new trial was theretofore made.
Such motion was not made until September 23, 1898, when an order
was entered denying the motion "with the same force and effect as
if a motion for a new trial on the same grounds had been made on the
minutes at the close of the trial, and denied." The effect of this pro-
vision of the order cannot, we think, be properly claimed to have been
such that the notice of appeal served four months prior thereto brings
this order before us for review; and we must therefore hold that
no appeal has been duly taken from this order.

So far as the appeal from the judgment herein, and the matters
which it brings up for review, are concerned, our examination of the
evidence offered for the plaintiff convinces us that the defendant's
motion for a nonsuit, made at the end of the plaintiff's case, should
have been granted.    The plaintiff's evidence was insufficient to prove
his alleged employment by the defendant.·    But instead of resting
upon the exception which the defendant took to the denial of that
motion, in which case that denial would have duly come before us
for review, the defendant chose to introduce its defense; and, at the
close of all the testimony, defendant did not renew its motion to dis-
miss, nor ask for the direction of a verdict.    It thereby conceded
that there was a question to go to the jury, and it waived the possi-
bility of a successful appeal from the denial of the motion for a non-
suit, made at the close of the plaintiff's case.    Entertaining our views
about the merits of the case, we are reluctant to decide this appeal
upon a technical question of practice, but the authorities do not per-
mit us to do otherwise.    Barrett v. Railroad Co., 45 N. Y. 632; Sul-
livan v. Brooks, 10 Misc. Rep. 368, 31 N. Y. Supp. 36; Kaufman v.
Canary, 21 Misc. Rep. 302, 47 N. Y. Supp. 152.

The judgment appealed from must be affirmed, with costs.    All
concur.

---

(25 Misc. Rep. 418.)

## O'KEEFE v. THIRD AVE. R. CO.

(City Court of New York, General Term.   December 7, 1898.)

STREET RAILROADS—COLLISION WITH VEHICLE—SUFFICIENCY OF EVIDENCE.
    · Disinterested evidence showed that plaintiff, a five year old boy, was
    seated in a cart being driven down an avenue close to and parallel with
    and a few feet ahead of defendant's south-bound car, which was going
    at a normal rate of speed on the westerly track; that the driver suddenly,
    and without indicating his intention, turned, and "cut off" the car, going
    so close in front of it that the gripman could not stop it in time to avoid
    a collision; and that, before the collision, the gripman was clanging the
    bell. *Held*, that a verdict for plaintiff would be set aside, though the
    driver, who was plaintiff's sole witness on that point, stated that, when
    he started to cross, there was no south-bound car "within a block in
    sight"; that when the horse crossed the westerly track, and the cart
    was standing headed so that witness' back was partially turned to the
    approaching south-bound car, witness stopped to permit a north-bound
    car and some wagons following to pass, and the south-bound car struck
    him without warning.

Appeal from trial term.

Action by William O'Keefe, an infant, by Ellen O'Keefe, his
guardian ad litem, against the Third Avenue Railroad Company, for

personal injuries.    From a judgment for plaintiff and an order denying a new trial, defendant appeals.   Reversed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

Phillipp E. Reville, for appellant.

Hoadley, Lauterbach & Johnson, Edgar M. Johnson, and Francis H. Boland, for respondent.

OLCOTT, J.   This is an appeal from a judgment in favor of the plaintiff, entered upon a verdict rendered at a trial term of this court, and from an order denying defendant's motion for a new trial, which was based, among other grounds, upon the contention that the verdict was contrary to the evidence and against the weight thereof.   Plaintiff, a boy something less than five years old, was beside the driver on the seat of a dog cart, which was driven down the westerly side of Third avenue.   When Fifty-First street was reached, the driver turned the horse eastward, and started to cross the defendant's south-bound or westerly track.   Thereupon, or shortly thereafter, the defendant's south-bound car struck the shafts of the wagon, and the plaintiff was thrown out, and received his injuries.

The witnesses all agree upon the foregoing facts.   The discrepancies in their testimony relate to the responsibility for the collision.   The plaintiff's driver, who is his sole witness upon that point, testified that, when he started to cross the track, there was no south-bound car "within a block in sight"; that when his horse had proceeded across the westerly track, and when the wagon had just reached that track, and was standing headed in a somewhat southeasterly direction, so that the driver's back was partially turned towards the approaching south-bound car, a north-bound car and some wagons following it caused him to stop, so that, while standing waiting for these north-bound vehicles to pass, the south-bound car came upon him without warning, and smashed his cart, causing the plaintiff's injuries.   The defendant introduced the evidence of six witnesses, four of them appearing to have no interest in the event of the trial, who told stories which were in substantial agreement with each other on the material points, and which contradicted the testimony of plaintiff's driver.   They state that the latter was driving down the avenue close to and parallel with the south-bound car, and a few feet ahead of it; that at Fifty-First street he suddenly, and without indication of his intention so to do, turned eastward, and "cut off" the car, going so close in front of it that it was impossible for the gripman to stop it in time to avoid collision; that the car was going at a normal, or less than normal, rate of speed; and the testimony of some of them makes it appear that the gripman was clanging his bell to warn school children who were crossing the avenue at Fifty-First street.   It will be observed that there is no possibility of concluding that these witnesses were confused or mistaken.   They were clearly, all swearing falsely if the plaintiff's driver's story is true, for the latter swears that he started to cross the track when no south-bound car was within a

block, while all of these six witnesses for the defendant state that they observed plaintiff's cart going down parallel with the car for a distance before the accident occurred or was imminent.

We cannot escape the conclusion that the case is precisely similar to, and within the reasoning of, the case of Pierce v. Railway Co., 21 App. Div. 427, 47 N. Y. Supp. 540, and that our decision must conform with the decision in that case. We find upon the whole testimony that the plaintiff failed to establish his case by any preponderance of evidence, but that, on the contrary, the verdict was flagrantly against the weight of evidence, and that the ends of justice will be subserved by the submission of the case to another jury. And, following the terms of relief granted in the Pierce Case, the order denying a new trial will be reversed, and a new trial granted, upon condition that the defendant pay to the plaintiff the costs and disbursements of the former trial; the appellant to have costs of this appeal to abide the event of the action. All concur.