disclose a larger amount of sales than conceded by the plaintiffs. The latter asserted that many of the orders were based on unauthorized sales, and thus sought to account for the defendant's claim of commissions in excess of what they had allowed him. Manifestly, the orders themselves would have been the highest class of proof to determine both questions. The orders being confessedly in the court room, the justice should have directed their production (Boynton v. Boynton, 16 Abb. Prac. 87, affirmed in 41 N. Y. 619), received them in evidence, and availed himself of the assistance they must necessarily have given to a satisfactory determination of the issue. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(27 Misc. Rep. 541.)

### CONNOR v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 24, 1899.)

STREET RAILROAD—INJURY TO PASSENGER.

> A verdict for plaintiff in an action against a street-car company for injuries alleged to have been received by the car starting while she was alighting at a street crossing is not conclusive, but will be set aside, as against the weight of the evidence, where the uncorroborated evidence of plaintiff that the car started while she was alighting was contradicted by the conductor, gripman, and two disinterested witnesses, who testified that the accident happened north of the crossing, and that plaintiff alighted from the car before it came to a stop.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Margaret Connor against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.

Lawrence P. Minger, for respondent.

MacLEAN, J. According to the plaintiff's version, she, a woman of 60, being a passenger on a car of the defendant going downtown, asked the conductor to stop at Twenty-Third street; she heard the bell ring for the gripman to stop the car; the conductor called out, "Twenty-Third street," and when it had come to a stop she stepped down, putting her right foot down, taking hold of the rail; and just as she was taking hold of the rail the car started, and she was pulled down on her right side and thrown upon the street. The car stopped, as she said, just where she asked it to stop; but where, with reference to the two crosswalks on Twenty-Third street, or whether it was on the north side of Twenty-Third street, she could not remember. For the defendant, four witnesses (the conductor, the gripman, a bicycle patrolman, and a passenger) testified that the accident happened north of Twenty-Third street, and that the plaintiff alighted

from the car before it had come to a stop at all; giving incidents with circumstantiality. The judgment should be reversed, with costs. Pierce v. Railway Co., 21 App. Div. 427, 47 N. Y. Supp. 540.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurring. LEVENTRITT, J., taking no part.