VANSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

APPEAL—VERDICT AGAINST EVIDENCE—NEGLIGENCE.

> A verdict for plaintiff in an action against a street railway for personal injuries from the collision of a car with a team that he was driving will be set aside on appeal, notwithstanding plaintiff's testimony; he having no other witness, and the testimony of two disinterested witnesses showing negligence of plaintiff.

Appeal from trial term, New York county.

Action by William Vanson against the Metropolitan Street-Railway Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John T. Little, for appellant.

Abraham Brekstone, for respondent.

PATTERSON, J. In this case the verdict of the jury in favor of the plaintiff is glaringly against the overwhelming preponderance of evidence. The action was brought to recover damages for personal injuries which the plaintiff claims he sustained through the negligence of a motorman operating one of the defendant's cars on Fifty-Ninth street, in the city of New York. The plaintiff was the only person examined as a witness on his own behalf, and his case rested solely upon what he deposed to. He was a coachman, and his story is that at about half past 7 o'clock on the evening of April 8, 1898, he had driven some people to the Plaza Hotel, on the Fifty-Ninth street side, and that while at the hotel his horses were facing westward; that Fifty-Ninth street was torn up by the side of the tracks, and that he had to go up 100 or 150 feet before he could cross over; that as he started to cross the track he saw an east-bound car 100 or 150 feet away from him, and he looked in both directions, and saw a west-bound car within 20 or 25 feet from him; and that he

was obliged to stop short to allow the west-bound car to pass. He says that he was then between the two tracks between the east and the west-bound car tracks; that when he first attempted to cross the track (that is, when his horses were about to step on the south rail of the east-bound track) the east-bound car of the defendant was 150 to 200 feet away from him; that he raised his hand, as a signal to the motorman in charge of the east-bound car to stop; that no notice was taken of it; and that the east-bound car struck his horses and the front wheel of his coach, and he was thrown to the ground and injured. This story of the plaintiff suggests some improbabilities, but, without regard to that consideration, the testimony given by the defendant's witnesses completely demolished the plaintiff's case. The statement of the motorman may be disregarded, as being that of an interested party; but there were two disinterested witnesses,—Mr. Flanbacher and Mr. Hynes,—who were spectators of the occurrence. Mr. Flanbacher was a passenger standing in the car. He saw the plaintiff's coach approaching the car from the south side of the street on which the Plaza Hotel is situated, and turn to cross the street towards the park. The car was crowded, and the motorman was ringing his bell. The cab or coach attempted to cross the track, and the two vehicles "rushed upon the track" at the same moment, and the car crashed into the coach. At the time the coach started to cross the track the car was from 15 to 20 feet away. Mr. Hynes saw the coach standing at the curb and starting to cross the track. He cried out to the plaintiff, because he saw the car coming, and knew the plaintiff would not have time to pass before the car would catch him. He saw the gripman, and, at the time the coach started to cross the track, this witness says it was from 20 to 25 feet away. Coleman, another witness, who was at that time employed upon the work which the plaintiff referred to as the obstruction in the street, swore that he was standing near an alleyway in the Plaza Hotel, and saw the plaintiff turn his team diagonally across the track, and that as he did this witness cried out, "Look out for the approaching trolley car." The plaintiff paid no attention to the warning, but a few seconds afterwards the motorman put on his brake with all his strength, and the result was the car came to a sudden standstill, in the meantime striking the nigh horse and knocking down the far horse, and the driver falling at the same time. The car, in the best judgment of the witness, was about 20 feet away when the horses started to cross the tracks. In this state of the proof, we feel called upon to set aside this verdict, following the course pursued in Pierce v. Railway Co., 21 App. Div. 427, 47 N. Y. Supp. 540.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide event. All concur.