(45 Misc. Rep. 117)

### GUNTHER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Trial Term, New York County.   October, 1904.)

1. STREET RAILROADS—INJURY TO PASSENGER—EVIDENCE.

    In an action to recover for injuries received while alighting from a street car, plaintiff testified that the car, after being stopped, was started before she had an opportunity to alight. Her evidence was entirely uncorroborated, and was contradicted by the probabilities of the case, by the conductor of the car, who was without fault, by the driver of the car, whose alleged negligence was the cause of the accident, and by two disinterested passengers. *Held*, that a verdict for plaintiff should be set aside as against the weight of evidence.

Action by Augusta Gunther against the Metropolitan Street Railway Company.  Verdict for plaintiff.  Motion to set aside verdict.  Granted.

Perry D. Trafford, for plaintiff.

Henry A. Robinson (Herbert C. Smyth, of counsel), for defendant.

CLARKE, J.  Action to recover damages for personal injuries resulting from alleged negligence on the part of the railroad company. Plaintiff, a woman 51 years of age, was a passenger on one of defendant's horse cars going south on Elm street.  Her claim is that she intended to alight on the north side of Worth street, in order to visit her son, who was an inmate of an institution situated on that side of the street; that she had started from her home with the expectation of meeting some relatives at the institution at about 2 p. m., but that she was delayed so that it was some time about three when she arrived at the place of the accident.  She testified that she had asked the conductor to stop on the north side of Worth street, but, as the car did not stop, she attempted to attract his attention again, and succeeded in doing so at or about two feet past the north cross-walk; that the conductor pulled the bell with a sudden jerk, and that the car came to a full stop in the middle of Worth street, between the north and south crossings, going about seven and one-half feet after the signal; that as she started to alight she grasped the stanchion on either side with both hands until she had stepped on the running board, and then, as she was about to alight on the ground, with one foot off the step, she grasped the stanchion with her right hand, having let go with the other, when, without any signal to start having been given by the conductor, the car suddenly started, and she fell on her back; that the car had ceased moving while one might count ten; that she fell about the middle of the street; that the conductor helped her up, brushed her off, asked if she needed medical aid; that she declined it, and was able to walk, with pain and difficulty, to the place she intended to go.  She called no witness to corroborate her story as to the happening of the accident.  She testified that she knew that the south side of the street was the usual place of stopping, but that she was in the habit of calling at the institution, and had frequently been left off on the north side. On behalf of the defendant the conductor testified that he was on the running board in the rear of plaintiff; that the signal to stop by pulling the bell was given at the north crosswalk, and that this called for a stop on the south side, which was the usual place of stoppage; that

the car did not stop in the middle of the street, but that the plaintiff left the car midway between crossings, while the car was in motion, slowing down; that she got off facing toward the rear; that he jumped off to go to her assistance while the car was still in motion, and that the car stopped at its usual place after the accident, on the south side of the street. The driver testified that he did not see the accident, but that, having received the bell, the car was stopped at the usual place on the south side; that it did not stop in the middle of the street; that his attention was attracted by the long delay in starting, and, looking back, saw the conductor brushing the plaintiff's clothes as she stood in the street midway between the crossings. A passenger on the rear platform—Henry Hess—corroborated in all essential details the conductor's story. Another passenger, Mrs. Lach, obviously a refined and intelligent woman, who was seated in the front part of the car, testified that the car did not stop in the middle of the street nor before it reached the south crossing; that, after it had waited some time, seeing the driver looking back, she looked also, and noticed the plaintiff being brushed off at the place where all the witnesses agree she received her injury. No motions were made at the close of the plaintiff's case nor at the close of the whole case. The jury found a verdict for the plaintiff in the sum of $2,500. This is a motion to set aside the verdict as against the evidence and against the weight of evidence. As to the accident, the plaintiff, a deeply interested witness, is entirely uncorroborated. For the defense, the conductor, though an employé, was entirely without fault, as was conceded. The driver may be considered interested, as, if fault there was, it was his. The two passengers were disinterested bystanders. So the plaintiff stands alone against two employés and two disinterested witnesses. In addition, there is the improbability of the car stopping, on a bell given at the north crossing, at the middle of the street, instead of at its usual place on the south side, and also of stopping while one could count 10, and starting again without signal, if it had been stopped as an invitation to plaintiff to alight. There is the probability of the plaintiff, perhaps excited at having passed the place at which she wished to get off, getting off hurriedly as the car slowed down, and getting off facing the rear, and holding the rear stanchion with her right hand, as she herself testified. It seems to me that upon her testimony alone, as against the testimony of four witnesses and the reasonable inferences and probabilities, the verdict must be held to be against the weight of the evidence. The defendant made a vigorous defense as to the injuries claimed, and the nature of that defense, in my opinion, excited the sympathy of the jury to such an extent that, having found against it on that part of the case, they did not give due heed to the charge of the court that plaintiff was not entitled to a verdict unless she sustained, by a clear preponderance of the evidence, the burden of proving that the accident was caused solely by the negligence of the defendant, and that her own negligence in nowise contributed thereto. The Appellate Division in this department has reversed the order of the trial justice, denying a motion to set aside a verdict as against the weight of the evidence in the following cases, where the plaintiff was uncorroborated: Pierce v. Metropolitan St. R. Co., 21 App. Div. 427, 47 N. Y. Supp. 540; Black v. Second

Ave. R. R. Co., 44 App. Div. 333, 60 N. Y. Supp. 631; Harris v. Second Ave. R. R. Co., 48 App. Div. 118, 62 N. Y. Supp. 562; Vanson v. Metropolitan St. R. Co., 54 App. Div. 632, 66 N. Y. Supp. 677; Hogan v. Metropolitan St. R. Co., 71 App. Div. 614, 75 N. Y. Supp. 845; Wolf v. Metropolitan St. R. Co., 82 App. Div. 629, 81 N. Y. Supp. 257; Kones v. Metropolitan St. R. Co., 86 App. Div. 611, 83 N. Y. Supp. 380. The motion is granted. Verdict set aside, and a new trial ordered.

Motion granted.