(54 Misc. 566)

## GRAHAM v. NEW YORK CITY RY. CO.

### (Supreme Court, Appellate Term.   June 6, 1907.)

**1. NEW TRIAL—WEIGHT OF EVIDENCE.**

It is not enough to sustain a verdict in all cases that there was some evidence requiring submission of the case to the jury, the question whether the verdict has been found in favor of the party who has produced a preponderance of the evidence, or whether the testimony of the defeated party is so excessively preponderating as to indicate that the verdict was the result of passion, prejudice, or mistake on the part of the jury, and that the ends of justice require a new trial, being left for the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 146.]

**2. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—WEIGHT OF EVIDENCE.**

In an action for injuries to a street car passenger, *held*, that a verdict in favor of defendant was contrary to the preponderance of the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1307–1314.]

**3. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.**

Evidence in an action for injuries to a passenger on a street car *held* sufficient to establish the carrier's negligence and plaintiff's freedom from contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1307–1314, 1401.]

Appeal from City Court of New York, Special Term.

Action by Annie Graham against the New York City Railway Company. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, she appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Kneeland, La Fetra & Glaze (Stillman F. Kneeland, of counsel), for appellant.

Henry A. Robinson (Bayard H. Ames, of counsel), for respondent.

GILDERSLEEVE, P. J.   This action is for personal injuries. Plaintiff testified that she signaled to defendant's car to stop; that it came to a full stop; that several people safely got off the car; that plaintiff then attempted to get onto said car while it was still stationary; that she put one foot upon the step of the car, and was about to get on, when the car started forward with a sudden jerk; that she was thrown to the ground thereby and injured. It is the contention of plaintiff that the conductor was guilty of negligence in signaling to the motorman to start the car before plaintiff had had sufficient time to get onto the car. The conductor of the car swore that no one was attempting to get onto the car when he rang the bell for the car to go, but that as soon as the car had started the plaintiff grabbed hold of the rail on the side of the car; that he immediately rang the bell for the car to stop, and that it did stop within six or seven feet; that plaintiff jumped from the car and fell; and that he went back and helped to pick up the plaintiff. The only other witness for defendant was the motorman, who apparently saw little or nothing of the accident. The plaintiff's testimony was corroborated substan-

tially by that of another witness, while two physicians swore to the nature of the injuries to plaintiff. The issues presented by this conflict of proof were submitted to the jury in a charge to which no exception was taken, and the jury found for the defendant. A motion was made for a new trial, which was denied, for the reasons, as stated by the learned court in his opinion annexed to the record, that:

"The inference which the jury drew from the evidence was not unwarranted, while the fact that the court might have drawn a different inference from the evidence does not justify setting aside the verdict, and under these circumstances the verdict cannot be said to be contrary to the evidence."

We do not agree with the conclusion reached by the learned court below. It is not enough to sustain the verdict in all cases that there was some evidence that required the case to be submitted to the jury. The question is still left to be determined whether the verdict has been found in favor of that party who has produced a preponderance of the evidence, or whether the testimony of the defeated party is so excessively preponderating as to indicate that the verdict was the result of passion, prejudice, or mistake on the part of the jury, and that the ends of justice require that the case should be submitted to another jury. Pierce v. Met. St. Ry. Co., 21 App. Div. 429, 47 N. Y. Supp. 540; Mulligan v. N. Y. C. R. R., 11 N. Y. Supp. 452, 58 Hun, 602; Reynolds v. N. Y. C. R. R., 20 App. Div. 339, 46 N. Y. Supp. 763. It seems to us that the clear, unshaken evidence given by the plaintiff, and corroborated by the witness Mary Fitzpatrick, greatly predominates over the evidence of the conductor, whose premature ringing of the bell was the cause of the happening of the accident. He admits he saw the plaintiff "grabbing the rail" immediately upon the car starting, and yet he pretends that "there was nobody standing at the sidewalk, nor at the crossing." If the plaintiff was near enough to "grab the rail as soon as the car started," she must have been close at hand before the car started; and the strong probability is that she told the truth in saying that she had one foot on the step and was getting onto the car, when the conductor rang his bell and the car started. On cross-examination the conductor said:

"The woman fell off getting on. She was on the step with one foot and one hand. The first time I noticed her, she had one foot and one hand on. I didn't see her come from any place. The car was not very crowded."

By a fair preponderance of proof the plaintiff has shown that she signaled the motorman to stop, and that the car did stop while some passengers got off; that the plaintiff then, while the car was still stationary, attempted to get on, and had one foot on the step and her hand on the rail, when the conductor, apparently not looking to see if any one wanted to get on, rang his bell, and the car started up and threw plaintiff to the ground. There was clearly no contributory negligence on the part of plaintiff, while the negligence of defendant's conductor is well established.

The judgment and order denying the motion for a new trial must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.