Order reversed and proceeding dismissed. Settle order on notice.

———————

PALISADE CURTAIN COMPANY, INC., Appellant, *v.* MAE C. KORN, as Executrix, etc., of EDWARD KORN, Deceased, Respondent.

First Department, May 27, 1921.

**Sales — action to recover purchase price — laches in rejecting goods — trial — appeal — when verdict of jury will be set aside.**

In an action to recover the purchase price of very cheap, plain curtain scrim, wherein it appeared that the plaintiff had made deliveries during several months, that the defendant did not examine the goods delivered during the first two months but sold them directly from the cases, that for five months after the deliveries began the defendant made no written complaint as to the quality of the goods, but at one time did request as a favor that shipments be deferred until a later date, the rejection of the goods by the defendant, on the ground that they were not of the quality purchased, made five months after deliveries began and after the price of the goods had begun to decline was too late to relieve the defendant of his liability to pay the purchase price.

While the court, whether at Trial Term or on appeal, ordinarily is loath to disturb the verdict of the jury upon conflicting testimony there should be no hesitancy in setting aside a verdict where the undisputed evidence and the probabilities clearly indicate that it was contrary to the weight of the evidence.

APPEAL by the plaintiff, Palisade Curtain Company, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of January, 1921, on the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of January, 1921, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*I. Maurice Wormser* of counsel [*David Harrison*, attorney], for the appellant.

*Maximilian Bader* of counsel [*Samuel Hellinger* with him on the brief; *Edward J. Kelly*, attorney], for the respondent.

GREENBAUM, J.:

The action is for goods sold and delivered. Plaintiff sold and defendant's testator (hereinafter called defendant) bought 1,000 pieces of very cheap, plain curtain scrim, the order being placed December 8, 1919. The deliveries began in January, 1920, and continued through February, March, April and May and payments were made thereon during these months from time to time. The defendant never examined the goods delivered in January and February, but sold them directly from the cases without assorting them. The market price of these goods reached its peak in April and then declined and shortly thereafter payments by the defendant became slow. During all this time defendant made no written complaint as to the quality of the goods, and according to plaintiff's testimony there had been no oral complaint. One Patterson, defendant's brother-in-law, and manager in the business, however, testified that he orally complained about the condition of the goods to plaintiff, during the months mentioned, over the telephone. He admitted that he did not tell his principal, the defendant, of these complaints although it ordinarily was his duty to do so. On May twentieth defendant wrote the plaintiff the following letter: " On account of the congestion in our store and embargoes, we would ask you to please make no further shipments before July 1st. Hoping that you will find it convenient to comply with our

request and thanking you for many favors, we are," etc. On May twenty-first defendant again wrote as follows: " Upon looking over your contract, we find that you overshipped on certain patterns.  *  *  *  The writer has been sick and absent from the place and did not keep tabs on the general line which is new to me as explained to your salesman when taking the order, and we simply asked him if he cared to establish a steady customer, to guide us in this line, which he did to the best of his knowledge, I presume, but to my amazement our salesmen had no success with your line.  We have actually your entire stock here.  Please do not take it for granted that on account of present conditions we are writing the above letter to you, being that we are in the habit of taking our medicine, but we would ask you whether you have an output of this material elsewhere and we will be glad to re-sell this merchandise to you, if you are in a position to make us a fair proposition," etc.

One Frederick W. Day entered the defendant's employ in June, 1920.  Shortly thereafter and on June twenty-second defendant sent a letter dictated by Day to plaintiff as follows: " We have communicated with you by phone several times for the purpose of having someone call upon us to adjust a claim we have against your shipments of 21 inch lace edge scrims. Many of these goods are distinctly seconds, run under quality and width and cannot be used.  Will you please have a representative see us without further delay, as we wish to take action at once with reference to returning same." This letter was written, it will be noted, almost five months after the first delivery.

Plaintiff on the trial proved that the goods were known as a low grade merchandise and that fact was substantially conceded upon the trial by the defendant as was the fact that goods of that character were  " never perfect."

While the court, whether at Trial Term or on appeal, ordinarily is loath to disturb the verdict of the jury, upon conflicting testimony, there should be no hesitancy in setting aside a verdict where the undisputed evidence and the probabilities clearly indicate that it was contrary to the weight of the evidence.

We have here an array of facts, which seem unmistakably

to point to but one conclusion and that is that the attempt to reject the goods was an afterthought due to the fall in prices of the commodity after April tenth.

The merchandise in question was admittedly sold as a very low grade " kind of goods." During the period of two months after delivery the cases in which the goods were sent had not been opened for examination and no written complaint was made until about five months later. On May twentieth the defendant wrote the plaintiff, requesting as a favor that no further shipments be made before July first, " on account of the congestion in our store and embargoes." On May twenty-first the defendant stated " that we are in the habit of taking our medicine," clearly referring to the fall in prices.

In view of the abundance of undisputed evidence in favor of plaintiff the verdict should have been set aside.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.