JOSEPH RAPANT, Appellant, *v.* EDWIN L. OGSBURY et al., Respondents.

Third Department, January 9, 1952.

*Arnold M. Gordon* for appellant.

*Bruce R. Sullivan, William J. Murphy* and *Malcolm G. Bibby* for respondents.

BERGAN, J. In a curve-in-the-road collision occurring on a slippery winter's day and resulting in reciprocal claims the jury has found no cause of action all around. One of the parties appeals and urges upon us the adoption of his contention that as to him, at least, the verdict is against the weight of the evidence.

This kind of a case will serve rather well to illustrate how delicate that question is and how, in common with several other areas of law governed by judgment and discretion, there is no objective standard to apply.

Whatever the variation of the language in which it is expressed, decision always comes to rest on the sense of the judge addressed to the reasonableness of the jury's verdict; but this in turn is a subjective process strikingly similar to the jury's own judgment of the facts in the first place.

Neither process stands on firmly staked off ground and neither has as its standard the benefit of that measured certainty which goes with mathematical solutions. On the very lack of tooled precision in this process lies its value as an instrument of adjudication. The most baffling conflicts are found in fields uncomprehended by the measurements of mathematics.

The power to review a jury's verdict concedes, in the first place, the premise that a " question of fact is for the jury " and, of course, this is required for most cases by the Constitution. This concession carries with it the established rule that the " weight of evidence " is the jury's own province and that a court will not interfere unless it can see that no reasonable man would solve the litigation in the way the jury has chosen to do.

It merely begs the question, therefore, to say that " only issues of fact " underlie a verdict, because if the power and the necessity for judicial supervision over verdicts is once admitted, there is a point where the power begins to be exercised.

It is easy to describe the point that has been acted upon in actual cases, but not to state it definitively so that it can serve as a guide to be followed with certainty in the next case. The point of interference is where the judge thinks the jury has gone much too far afield from the course the judge regards as proper, in the sense of his professional way of looking at facts.

All this is the description of a process and not the definition of a rule. It does not state just where a verdict will be regarded as against the weight of evidence and just where it will not be so regarded, because either that cannot be stated definitively or at least there has been no notable success achieved in the formulation of a statement.

Many written expressions can be found in reported cases where judges have grappled with exigencies in the process of decision. The industry of counsel for the appellant has, indeed, discovered some eighty-eight cases which are cited in support of the point that the verdict here is against the weight of the evidence. From the opinions, language is liberally quoted to which most lawyers would subscribe at once.

All the language of decision leads ultimately to saying that the result depends on how the judge weighs what the jury has done. A few judicial expressions which are quoted by appellant for our benefit will illustrate this.

To justify setting aside a verdict there must be an "overwhelming preponderance" of evidence against it (*Franklin Coal Co.* v. *Hicks,* 46 App. Div. 441, 442). This preponderance must be so "great" that a jury could not have reached the verdict on "any fair interpretation of the evidence" (*Jarchover* v. *Dry Dock, E. B. & B. R. R. Co.,* 54 App. Div. 238, 240). The verdict will be set aside when it is such that it would "startle by its absurdity" (*Hospital Supply Co.* v. *O'Neill,* 10 Misc. 655, 657). The court will interfere when the preponderance of evidence is "very great" against the verdict (*Suhrada* v. *Third Ave. R. R. Co.,* 14 App. Div. 361, 363), or where the evidence is "overwhelming" the other way (*Cheney* v. *New York Central & H. R. R. R. Co.,* 16 Hun 415, 420); or where it is "most clearly and manifestly" against the evidence (*Culver* v. *Avery,* 7 Wend. 380, 384); or where the "undisputed evidence and the probabilities clearly indicate that it was contrary to the weight of the evidence" (*Palisade Curtain Co.* v. *Korn,* 197 App. Div. 88, 90). It is in cases of "'excessively preponderating'" evidence against the verdict that a new trial especially is justified (*Harris* v. *Second Ave. R. R. Co.,* 48 App. Div. 118, 120), and the expression "excessively preponderating" was used in *Graham* v. *New York City Ry. Co.* (54 Misc. 566, 567).

It would be possible to quote language of this sort at very great length from the reported cases; and while it was useful in expressing the rationale that guided the judges either in thinking that the jury was so wrong as to warrant interference or in thinking the other way that the jury was right, the language is helpful only in showing that the hard choice of decision always depends on what the judge thinks of the case at hand.

Here the appellant addresses to us a very strong and heavily documented argument that he ought to have won the case at the trial. The argument, although it seems very logical in its detailed and cumulative effect, does not carry us with it to the point of interference with the verdict.

We think the jury was not under the compulsion of reasonable necessity of rendering a verdict for appellant. Whatever the words may be that seem useful to describe our thinking, the

product of our judgment is that we ought not in this case change what the jury has decided.

The accident occurred on a county road which had an area of twelve feet in which the snow had been plowed out. There was a very sharp curve at the place of collision. Appellant testified that he saw respondent driver when he was seventy-five feet away going thirty to forty miles an hour; that appellant stopped his vehicle against the snowbank on the right and that respondent driver came skidding around the curve with unchecked speed and ran into him. There is proof by appellant and other witnesses that respondent driver said the accident was his fault.

But the respondent driver said he was traveling only ten or twelve miles an hour around the curve and that he first saw appellant's car forty feet away and it was then in the middle of the road; that he applied his brakes; that appellant was not stopped but in motion and attempted to pull to the right, and as he did so the left front ends of the vehicles collided. He described his purported admission of fault after the collision in these words: "I said it was partially my fault inasmuch as neither of us could stop."

The jury did not have to be persuaded that there was any negligence in this kind of a collision on this kind of a road; and appellant first of all had the task of persuasion in this respect. Nor must the jury have taken the appellant's version of events entirely.

In short, he need not necessarily have persuaded them as he was bound to do if he were to prevail on the trial, that he had acted, and the respondent driver had not acted, in the situation with the prudence of the reasonably careful driver.

In deciding who is right and who is wrong, or if nobody is right or wrong, when vehicles come together on a plowed-out and slippery road the judgment of jurors is quite apt to be better than that of judges.

The judgment should be affirmed, with costs.

Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.

Judgment affirmed, with costs.