## (March 27, 1964)

■ ARMAND J. PALANCHI, Appellant, v. FRANK DE FRANK, Respondent.— Appeal from a judgment of the Supreme Court, entered September 17, 1962, in Schenectady County, upon a verdict rendered at a Trial Term of no cause of action and from the denial of a motion to set aside the verdict upon the pertinent grounds specified in section 549 of the Civil Practice Act. There being no asserted errors of law, the sole question is whether the verdict is against the weight of evidence. The accident occurred during the afternoon of December 9, 1958, at the intersection of Turner Avenue and 12th Street in the City of Schenectady. The plaintiff was driving east on Turner Avenue and the defendant was operating his car south on 12th Street which had a stop sign for southbound traffic. Both streets were covered with ice and snow and driving conditions were hazardous. Plaintiff testified that he was driving at a speed of 15 miles per hour along Turner Avenue and when he was a car length and a half, maybe two car lengths from the intersection he noticed defendant "two car lengths, also, from the corner, and I see that he couldn't stop, or whether he hadn't seen the stop sign, I do not know, but anyway, I immediately applied my brakes and I stopped before I got to the middle of 12th Street", and that he was on the eastbound lane when the collision with the defendant's car occurred. The defendant stated that he stopped for the stop sign and then, not being able to see to his right because of cars parked on Turner Avenue, proceeded at about two or three miles per hour into Turner Avenue. Upon reaching the eastbound lane of Turner Avenue he saw the plaintiff 20 or 30 feet coming from his right at about 15 or 20 miles per hour. Realizing that the plaintiff could not stop the defendant said that he stepped on his gas pedal to get out of the intersection, his wheels skidded and had travelled about two or three feet before his car was struck in the right rear portion by plaintiff's vehicle. Thus we have a not unusual intersection accident on busy city streets covered with ice and snow and the testimony of the two litigants from which the jury might easily find contributory negligence on the part of the plaintiff. We believe that the verdict should not be disturbed, under the authorities. (*Rapant* v. *Ogsbury*, 279 App. Div. 298.) Judgment and order affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.