■ WISE TAG & LABEL CO., Respondent, v SWANSEA PRODUCTS, INC., et al., Appellants. (Action No. 1.) CHANNEL FISH COMPANY, INC., Respondent v SWANSEA PRODUCTS, INC., et al., Appellants. (Action No. 2.)—Appeal from two judgments of the Supreme Court, entered January 28, 1975 in Sullivan County, upon verdicts in favor of plaintiffs after a joint trial of two actions. Plaintiffs in these two actions seek to recover for goods sold and delivered to defendant Swansea Products, Inc. (hereinafter Swansea) and for damages against defendant Langer, based on fraud, alleging that Langer had organized Swansea solely for the purpose of defrauding creditors. In the Channel Fish Company action, a third cause of action was included to recover attorneys' fees by reason of Langer's fraud. After a trial the jury returned verdicts against both defendants for the amounts alleged to be due. The jury also found a verdict against defendant Langer for attorneys' fees in the Channel Fish Company action. The court assessed costs, disbursements and motion costs against both defendants in both actions. While both defendants appeal, the sole issue is the validity of the judgments against defendant Langer. He contends that the verdict against him is against the weight of the evidence; that there was no convincing evidence sufficient to warrant "piercing the corporate veil"; and finally, that it was reversible error to direct a joint trial. As to the first contention, an examination of the record in its entirety demonstrates, in our view, that there is ample evidence to justify the jury's verdict and, specifically, the finding that defendant Langer was guilty of fraud. We should not disturb it *(Rapant v Ogsbury,* 279 App Div 298). Since we are of the opinion that the record justifies the jury's finding of fraud, defendant's second contention must also fail. The corporate entity will be disregarded when fraud is shown to exist *(Walkovszky v Carlton,* 18 NY2d 414). The record reveals that the testimony presented raised only questions of fact and credibility, all of which were resolved against the defendant. Furthermore, there were no requests or exceptions to the court's charge. Finally, as to the issue of the joint trial, the record establishes that there were common questions of fact and law and there was

no showing of prejudice to the defendants. Judgments affirmed, with costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.