RACHEL M. O. WARD, Appellant, *v.* JOHN E. STILLWELL,
Respondent.

Supreme Court, Appellate Term, First Department, March Term — Filed April,
1922.

Landlord and tenant — New York city — Columbia College leasehold —
reasonable rental — house in business neighborhood — method of deter-
mining rental value — Laws of 1920, chap. 944.

In determining what is a reasonable rental value the method of basing calculations
on fair valuation of the property as a whole, to be established either by proof
of cost price, including the cost of any improvements, or by assessed valuation,
deducting therefrom the cost of maintenance and allowing a reasonable net
return on the value, is far better than the alternative method of computation
permitted by chapter 944 of the Laws of 1920.

Plaintiff succeeded to the rights of her deceased husband under a lease made in
1907 of certain leasehold property of Columbia College, located in the city of
New York. The lease covered two lots on West Forty-ninth street, each
improved by a five-story brick and stone building, and in addition the one
occupied by defendant under a written lease which expired June 30, 1921, at
a monthly rental of $300, has a studio extension in the rear covering both lots,
which extension is twenty-five feet wide, forty feet long and one and one-half
stories high, and the house contains twelve rooms above the cellar. At the expi-
ration of the term plaintiff demanded $650 per month as the rental to be fixed in
a new lease, which defendant refused to pay. In an action to recover the rent
for the month of July, 1921, the tenant continuing in possession, it appeared as
matter of common knowledge that the neighborhood in question has been rapidly
changing and that the demand for property for business purposes has greatly
enhanced values in that neighborhood. The court by adding ten per cent profit
to the aggregate amount of the ground rent and of the taxes, each apportioned
under familiar rules, actual depreciation, insurance and repairs, reached a total
of about $400 per month, and plaintiff was awarded judgment in that amount.
*Held,* that the method employed of ascertaining the reasonable rental value was
not authorized by the statute.

Such method results in a grave injustice to plaintiff by depriving her of the increased
usable value of her leasehold under a lease made many years previously when
property in that particular neighborhood was much lower in value.

The rental value fixed by the court herein was clearly inadequate under the rule
formulated in *Hall Realty Co.* v. *Moos,* 200 App. Div. 66, and judgment in plain-
tiff's favor will be reversed and a new trial ordered.

APPEAL by the plaintiff from an order of the Municipal Court
of the city of New York, borough of Manhattan, ninth district,
amending a judgment in plaintiff's favor.

*Gordon, Weed & Young* (*Richmond Weed,* of counsel), for appellant.

*Anderson, Phillips & Moss* (*Nathaniel Phillips,* of counsel), for
respondent.

GUY, J. The plaintiff appeals on the ground of inadequacy
from a judgment in her favor fixing the reasonable rental value
of premises occupied by the defendant during the month of July,
1921, after the expiration of the written lease, at $400 per month
which would be at the rate of $4,800 per year.

The defendant, tenant, occupied the premises under a written lease, which expired June 30, 1921, at a monthly rental of $300. Plaintiff demanded $650 per month as the rental to be fixed in a new lease, which the tenant refused to pay, and continued in possession of the premises for the month of July. The case was tried by the court without a jury, and the court awarded judgment for $425, which was subsequently amended so as to reduce the amount to $400. While, presumptively, any increase of rental over the rent previously paid would be unreasonable, this presumption has been entirely overcome by the undisputed proof.

The premises are Columbia College leasehold property, the plaintiff holding under a lease made in 1907 by the trustees of Columbia College to her late husband, to whose rights under the lease she succeeds. Her lease covered two lots known as Nos. 7 and 9 West Forty-ninth street, No. 9 being the lot occupied by defendant. The ground rent fixed in plaintiff's lease was $3,334 per annum; each lot was improved by a five-story brick and stone house, and, in addition, lot No. 9, occupied by the defendant, has a studio extension in the rear covering both lots, which extension is twenty-five feet wide, forty feet long, and one and one-half stories high. There are twelve rooms above the cellar in the house occupied by the defendant.

The only issue tried herein was the reasonable value of said premises. The undisputed evidence shows, and it is a matter of common knowledge, that the neighborhood in question has been rapidly changing into a business section and the demand for property for business purposes has greatly enhanced values in that neighborhood. The ground rent, apportioned under familiar rules, was, according to the testimony of one witness, $2,083 per annum, and, according to another witness, $2,092.08 for lot No. 9; and taxes similarly apportioned for 1921 were for lot No. 9, $1,646.30; actual depreciation $496, insurance and repairs $64.25. By adding ten per cent profit to the aggregate of these amounts the court has reached a total of about $4,800, or about $400 per month, according to which it has fixed the rental value. This is an ingenuous method, but not authorized by the statute and results, we think, in a grave injustice to the plaintiff, who would thus be deprived of the increased usable value of her leasehold under a lease made many years previous when property in that neighborhood was much lower in value.

Chapter 944 of the Laws of 1920 states specifically what factors shall be considered in determining reasonable rental value. It permits two alternative methods — one by basing calculations on fair valuation of the property as a whole, to be established either

by proof of cost price, which would include cost of any improvements made thereon, or by assessed valuation, deducting therefrom the cost of maintenance and allowing a reasonable net return on the value; the other method, where property is mortgaged, by including interest on mortgage as part of the cost of maintenance, and estimating the reasonable return on the actual cash investment or equity holding of the owner.

As pointed out by the Appellate Division in *Hall Realty Co.* v. *Moos*, 200 App. Div. 66, the former method is by far the better method of computation. Eliminating the expert evidence as to value, which the statute does not authorize — though in this case it seems to be less objectionable than usual — the assessed valuation of the two lots in question in 1921 was $93,000, which, according to the testimony, would make the assessed valuation for lot No. 9, occupied by the defendant, approximately $58,500. On this basis of value, after deducting from the $4,800 per year fixed by the trial court, the cost of maintenance, consisting of taxes, $1,645.30, insurance and repairs, $64.25, and depreciation actually proven as to the building, $496, or $2,206.65, there is a net return of $2,593.45 from property valued at $58,500, or nearly four and a half per cent. If we follow the suggestion of the Appellate Division in *Hall Realty Co.* v. *Moos, supra*, that subject to fluctuations in the earning power of money and other factors which must be considered, eight per cent would be deemed a reasonable return, taking the same basis of fee value, $58,500, eight per cent would yield $4,680, and adding thereto the cost of maintenance, $2,206.65, the gross rental value would be about $6,900 per year, or over $570 per month. While we do not understand the Appellate Division in the case above cited to have determined as matter of law that eight per cent net return under all circumstances is a reasonable rental under the housing laws, but rather to have expressed their views as to a maximum limit beyond which an award should be deemed excessive, we regard the rental fixed herein as clearly inadequate under the rule formulated by the Appellate Division.

The judgment should, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

COHALAN and WAGNER, JJ., concur.

Judgment reversed.