In the Matter of JANET FRANKEL, Appellant.
HATTERS' OAKHIDE BOXES, INC., et al., Respondents.

First Department, June 27, 1945.

*Jerome L. Greene* for appellant.

*Jacob F. Raskin* of counsel (*Weil, Gotshal & Manges*, attorneys), for The Lewy Chemical Company, respondent.

*Weisman, Celler, Quinn, Allan & Spett*, attorneys for Apex Knitted Fabrics, Inc., respondent.

*Reit & Reit*, attorneys for Joseph Gabay and Albert Gabay, etc., and Elastic Distributors, Inc., respondents.

*Rudolph Taplitz*, attorney for Hatters' Oakhide Boxes, Inc., respondent.

*Harry Cooper*, attorney for A. Cooper & Sons, Inc., respondent.

GLENNON, J. The petitioner is the owner of a loft building in which each of the respondents occupies one or more floors of commercial space. She instituted this proceeding under section 4 of the Commercial Rent Law (L. 1945, ch. 3, amd. by L. 1945, ch. 315) for an order fixing a reasonable rent for the commercial space occupied by the respondents. The appeal is from an order entered in the proceeding dismissing her petition upon the merits at the close of the petitioner's case.

Under section 2 of the act, the emergency rents are fixed at 15% above the rents charged for March, 1943, for the same or comparable space. Section 4 provides a means whereby a landlord may, within certain specified limitations, have the rent for his property fixed by the Supreme Court or by arbitration at an amount in excess of the emergency rent. The rent fixed is to be " reasonable " and permit a reasonable annual return to the landlord. The section provides that " A net annual return of six per centum on the fair value of the entire property including the land plus two per centum of principal for amortization of any mortgages thereon shall be presumed to be a reasonable return." The total assessed valuation of the property " as shown by the latest completed assessment-roll of the city, shall be presumed to be the fair value of the premises, but other lawful evidence of the fair value may be offered and received." In determining the rent the court is required to give due consideration to the " cost of maintenance and operation of the entire property," including " amounts paid for taxes assessed against such property," and to the " kind, quality and quantity of services furnished."

In a proceeding under this section, a landlord is required to furnish a verified bill of particulars setting forth the gross income from the property during the preceding year, the names

and addresses of all tenants, the rental charged each tenant and how payable, the consideration paid by the landlord for the entire property, the assessed valuation as shown by the latest assessment roll, the cost of maintenance and operation, and all other facts affecting the net income or the reasonable rent to be charged.

The petitioner duly served a verified bill of particulars. At the trial the bill was marked in evidence and proof offered in support of the application, including the testimony of a real estate expert as to the fair value of the property. The respondents rested at the end of the petitioner's case, whereupon the court dismissed the petition on the merits, without indicating the value assigned to the property or the amount allowed for maintenance and operation.

Upon the record presented it may not be said that the petitioner's proof was so obviously insufficient as to justify Special Term in summarily dismissing the petition. On the contrary, petitioner did establish prima facie a proper case for relief under section 4.

While the court is to determine what constitutes a reasonable rent for the commercial space, the amount is to be arrived at by a mathematical computation in accordance with a formula set forth in the law. However, before the formula is applied, the court must first determine the fair value of the property, the amount of the mortgage thereon, the cost of maintenance and operation and the amount of real estate taxes. Only after those findings are made by the court may it be determined whether the emergency rents are fair and reasonable and permit a reasonable return to the landlord, or, that an increased rental is warranted.

In their brief the respondents question items of expense which were not objected to at Special Term. In this connection the law provides that " issue shall not be deemed to be joined in any proceeding " until the bill of particulars is served upon the tenant. In the event the landlord fails to serve the bill within the time specified, the proceeding is to be dismissed upon the tenant's motion. Obviously the purpose of the provision is to apprise the tenant of the landlord's claims, so that he may put in issue any item to which objection is made. Where, as here, objections are made to items of expense, the tenants should urge them at Special Term in the first instance.. In disposing of the objections the court should indicate to what extent they are allowed or disallowed.

Whether the disposition made at Special Term is based upon a low valuation or an insufficient allowance for maintenance and operation, or both, we are unable on this record to determine. Nor does the record indicate what items of expense, if any, were eliminated or reduced. In a proceeding under section 4, the court should render a decision indicating the findings upon which the disposition is made so that the proceeding may be intelligently reviewed upon appeal.

The order appealed from should, therefore, be reversed, with costs and disbursements to the appellant, and the matter remitted to Special Term for further proceedings in accordance with this opinion.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with costs and disbursements to the appellant, and the matter remitted to Special Term for further proceedings in accordance with opinion. Settle order on notice.