In the Matter of IRVING DWORMAN, Appellant-Respondent.
MOLLIE MILGRIM et al., Respondents; FRED CHRISTIE, Doing
Business as WONDER MACHINE COMPANY, Respondent-Appellant.

Second Department, April 15, 1946.

*Julian I. Bergoffen* for appellant-respondent.

*Frank A. Barrera* and *Victor J. Matthews* for respondents.

*Albert H. Vitale* and *Frank J. Cafaro* for respondent-appellant.

*Per Curiam.* In this proceeding brought by a landlord to fix rents, in excess of emergency rents, pursuant to section 4 of chapter 314 of the Laws of 1945 (Business Rent Law of 1945), the questions of fact arising on the joinder of issue were

referred to an official referee, who recommended that the rents of the business spaces involved in the proceeding be fixed as provided by written leases executed by the landlord and the tenants who are parties. The Special Term, on the coming in of the official referee's report, fixed the rents of the various business spaces occupied by the tenants Milgrim, Bonanas, Ravenhall Arcade, Inc., Christie, Miller and Sandman, in amounts greater than emergency rents, as defined by the statute, and less than the amounts provided to be paid by the leases. With respect to the spaces occupied by the tenants Veru, Nikiteas and Mavrukis, the Special Term fixed rents which are less than those reserved in the leases executed by said tenants but which may be less than " emergency rent " in each case, since the agreements in force on June 1, 1944, with respect to spaces occupied by these tenants, provided for the payment of a basic rent, plus a percentage of the gross income of the tenant's business. The landlord, and one tenant, Christie, have appealed. On this appeal, the landlord contends that the order appealed from should be reversed, and the rents should be fixed as recommended by the official referee. The tenant Christie contends that the order should be modified, insofar as it affects his rent, so as to provide for a rental of $1,300.

On consideration of the record, since neither the official referee, nor the learned justice at Special Term, made any decision or filed any memorandum setting forth the facts upon which his determination was made, we are unable to discover the basis upon which such determinations rest. In a proceeding pursuant to section 4 of this statute, the court is required to determine what constitutes a reasonable rent for the commercial space affected, and the amount is to be arrived at by a mathematical computation, in accordance with a formula set forth in the law. However, before the formula may be applied, the court must determine the fair value of the property, the amount of the mortgage or mortgages thereon, the cost of maintenance and operation, and the amount of the real estate taxes. Only after these findings have been made by the court may it be determined whether the emergency rents are fair and reasonable, or that an increased rental is warranted. In such a proceeding the court should render a decision, indicating the findings upon which its determination is made, so that such determination may be intelligently reviewed upon appeal. (*Matter of Frankel* [*Hatters' Oakhide Boxes*], 269 App. Div. 531.) Ordinarily, failure to render such a decision would necessitate reversal, and remission to the Special Term for further pro-

ceedings. (Cf. *Matter of Frankel* [*Hatters' Oakhide Boxes*], *supra.*) It is our opinion, however, that except as to three of the rentals determined, the landlord herein is not aggrieved by the determination made by the Special Term, since he did not sustain the burden of proof as to the reasonableness of the rents provided to be paid in the leases, insofar as they exceeded emergency rent, as defined in the statute. Evidence of expense involved in the conduct of the landlord's business may not be considered as evidence of the cost of maintenance and operation of the property. It is impossible, on the record submitted, to separate such evidence from evidence which would properly relate to operation and maintenance expense, except insofar as it establishes payment of taxes and minor maintenance items. On all the evidence, we are unable to determine that the landlord is entitled to a return from the entire property which would permit the fixing of rents to be paid by respondent tenants in any greater sums than those which they would be required to pay as emergency rent (rent payable June 1, 1944, plus 15%). Since the rents fixed by the Special Term are greater than "emergency rent" with respect to the business spaces occupied by the tenants Milgrim, Bonanas, Ravenhall Arcade, Inc., Christie, Miller and Sandman, the landlord is not aggrieved by the order appealed from insofar as it fixes the rents of those tenants; and since said tenants other than Christie have not appealed, the determination of the Special Term as to said rents other than that of the tenant Christie should not be disturbed.

As to the tenants Veru, Nikiteas and Mavrukis, the landlord is entitled, if he shall so elect, to a modification of the order appealed from so as to provide for the payment of rent by the tenant Veru in the sum of $2,645, plus 9% of the gross business income of the tenant in excess of $25,000; for the payment by the tenant Nikiteas of rent in the sum of $1,150, plus 10% of the gross business income of said tenant in excess of $10,000; and for the payment by tenants Louis and James Mavrukis of rent in the sum of $1,495, plus 9% of the gross business income of said tenant in excess of $16,000, provided, however, that in none of these cases shall the tenant be compelled to pay any rent in excess of the rent provided to be paid by the leases in force at the time of the commencement of this proceeding. The order appealed from will be modified accordingly, if the landlord shall so elect and shall so indicate on the settlement of the order to be presented. In the event the landlord shall not so elect, the order insofar as appealed from should be unanimously affirmed.

Insofar as the tenant Christie is concerned, the landlord has not established the right to charge more than emergency rent. Since this tenant has requested only that the order appealed from be modified so as to provide. for payment of rent in the sum of $1,300 for the space. which he occupies, the order, insofar as he appeals from it, will be modified to that extent only. The order should be modified accordingly on the law and the facts with one bill of costs to respondents and one bill of costs to respondent-appellant Christie, payable by appellant-respondent, and as so modified, unanimously affirmed.

LEWIS, P. J., HAGARTY, CARSWELL, ALDRICH and NOLAN, JJ., concur.

On appeal by respondent-appellant, the order is modified on the law and the facts by reducing the annual rental therein fixed to be paid by Fred Christie from $1,650 to $1,300. As thus modified the order, insofar as appealed from, is unanimously affirmed.

On appeal by the appellant-respondent, the order, upon his election at the settlement of the order to be entered hereon, will be modified on the law and the facts in accordance with opinion herein; and in the event the landlord shall not exercise his right of election, the order, insofar as appealed from is unanimously affirmed.

One bill of costs is awarded to respondents and one bill of costs to respondent-appellant, payable by appellant-respondent. Settle order on notice, within ten days from the date of his decision.