In the Matter of JACOB ZELLNER, Appellant. BROOKLYN TRUST COMPANY, as Trustee for Certificate Holders of Bond and Mortgage Guarantee Co. (Guarantee No. 180,532), Respondent.— In a proceeding instituted by the appellant, a tenant, to fix the emergency rental of a commercial building, pursuant to chapter 3 of the Laws of 1945 (amd. by L. 1945, ch. 315), the Special Term referred the proceeding to an official referee to take proof and to report, with his opinion and recommendations, as to the rent to be paid. After a hearing, the official referee reported that the fair and reasonable rent that the tenant should be required to pay was $5,400 per annum, which was the same as the amount specified in a lease of the premises between the parties dated December 15, 1944. This report of the official referee was confirmed by the Special Term, and from the order entered thereon the tenant appeals. Order reversed on the law and the facts, without costs, and the matter remitted to the Special Term for further proceedings upon the evidence heretofore taken, and such additional evidence, if any, as may be produced by the parties, with instructions to make a decision and to indicate the findings upon which the determination is made, so that such determination may be properly reviewed upon appeal. (Matter of Dworman [Milgrim-Christie], 270 App. Div. 568; Matter of Frankel [Hatter's Cowhide Boxes], 269 App. Div. 531.) As this court said in Matter of Dworman [Milgrim-Christie] (supra, p. 570): "In such a proceeding the court should render a decision, indicating the findings upon which its determination is made, so that such determination may be intelligently reviewed upon appeal. * * * Ordinarily, failure to render such a decision would necessitate reversal, and remission to the Special Term for further proceedings." In this case the property had been owner occupied prior to the present lease and there was no previous rental experience upon which the emergency rental could be directly computed. Neither the official referee nor the Special Term made any findings apart from the statement of the rent to be paid. On this record it is impossible to determine upon what basis the case was decided. Carswell, Adel, Aldrich and Nolan, JJ., concur; Hagarty, Acting P. J., not voting.

LIZA LOOPO et al., Respondents, v. ALBERT O. PATICOFF, Appellant.— Action by plaintiff wife to recover damages for personal injuries claimed to have been suffered when she was struck by defendant's taxicab, and action by her husband for expenses and loss of services. Order granting plaintiffs' motion to set aside the verdict in favor of defendant reversed on the law and the facts, with costs, the motion denied, and the verdict reinstated, with costs. The setting aside of the verdict was not justified on the proof herein. (See Collins v. City of New York, 263 App. Div. 893.) Lewis, P. J., Carswell, Johnston, Aldrich and Nolan, JJ., concur.

MARGARET LOUGHLIN, Respondent, v. CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries suffered as a consequence of a fall on a wet subway platform. Plaintiff recovered a judgment and defendant appeals. Judgment reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the verdict are affirmed. No negligence on the part of the defendant was established. (Brand v. Interborough R. T. Co., 249 App. Div. 630, affd. 273 N. Y. 658; Abair v. City of New York, 295 N. Y. 789; Boettcher v. Dowling, 270 N. Y. 557.) The case of Bordes v. Murray (284 N. Y. 761) is not to the contrary and may be distinguished on its facts. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur. [See post, p. 1025.]