■ EMILY A. HOLPP, Respondent, v. EDWARD F. CARAFA, Appellant.— In an action to recover damages for personal injuries sustained by respondent, a pedestrian, when she was struck by a motor vehicle which was owned and operated by appellant, the appeal is from an order granting respondent's motion to set aside the verdict rendered by the jury in favor of appellant, and directing a new trial. Order reversed, with costs, motion denied, and verdict reinstated. By failing to move for a directed verdict, respondent conceded that there were questions of fact to be determined by the jury (*Kluttz* v. *Citron*, 2 N Y 2d 379, 382). The case was submitted to the jury with a charge to which respondent took no exception, and it does not appear from the record that the jury could not have reached the conclusion which they did on a fair interpretation of the evidence (cf. *Mieuli* v. *New York & Queens County Ry. Co.*, 136 App. Div. 373; *Collins* v. *City of New York*, 263 App. Div. 893). Furthermore, the learned Trial Justice gave no reason for his action in setting aside the verdict, and we are unable to determine why the motion was granted (see *Coleman* v. *Brooklyn & Queens Tr. Corp.*, 252 App. Div. 215; *Loopo* v. *Paticoff*, 270 App. Div. 941; *Marcario* v. *City of New York*, 278 App. Div. 712). Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ MARIA C. HYMAN, Respondent, v. JEROME R. BISCEGLIA, Appellant. — In an action to recover a deposit made under a contract to purchase real property, which contract provided that the deposit was to be returned if the purchaser was unable to procure a mortgage loan in a specified amount, the appeal is from so much of an order of the County Court, Westchester County, as denied appellant's motion for a further bill of particulars specifying the banks or other lending institutions to which respondent applied for a mortgage, and the dates of such application. Order modified by striking from the first ordering paragraph everything after the word "granted" and by adding at the end of the second ordering paragraph as subparagraph B thereof a further direction that respondent shall serve a further bill of particulars specifying the banks or other lending institutions to which she applied for a $14,000 mortgage, giving the dates of application. As so modified, order insofar as appealed from affirmed, with $10 costs and disbursements to appellant. The further bill of particulars is to be served within five days after the entry of the order hereon. In our opinion, the record amply demonstrates that the primary purpose of the demand for a further bill was not to compel respondent to disclose her evidence or the names of her witnesses, but was to obtain information which would amplify her complaint, limit her proof and prevent surprise on trial. Respondent, having alleged performance of the contract on her part and that she was unable to obtain the mortgage, should be required to furnish the particulars requested as to her efforts to obtain it. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ FRANK & LINDY PLUMBING & HEATING CORP. et al., Respondents, v. MEADOWBROOK NATIONAL BANK, Appellant.— In a representative action for an accounting, it is alleged that appellant converted a trust fund created for the benefit of respondents, suppliers of labor and materials in the construction of buildings, and others similarly situated. The appeal is from so much of an order as denied appellant's motion addressed to the amended complaint pursuant to rules 102, 103 and 90 of the Rules of Civil Practice, or for alternative relief to dismiss the amended complaint pursuant to section 241 of the Civil Practice Act. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.