Alonzo Jeffries, Respondent, v. Long Island Rail Road Company, Appellant and Third-Party Plaintiff. C. G. M. Company, Third-Party Defendant.

First Department, February 8, 1962.

*Desmond T. Barry* of counsel (*James A. Treanor, Jr., William J. O'Brien* and *Richard E. Shandell* with him on the brief; *Otto M. Buerger,* attorney), for appellant.

*B. Leo Schwarz* of counsel (*Benjamin H. Siff* with him on the brief; *Joseph Brill,* attorney), for respondent.

*August C. Flamman* for third-party defendant.

*Per Curiam.* This is an appeal by the defendant from a judgment for plaintiff in an action for personal injuries.

The plaintiff, a workman, engaged in unloading steel beams from a gondola-type railroad car on a railroad siding, was injured when it was severely bumped by another gondola-type car running downhill on the side track. A fellow workman had released the air brake on the uphill car and the workmen intended to let it coast down the track in such manner as to tap the downhill car just enough to move it ahead a half car length in order to complete the unloading. The uphill car, however, allegedly became out of control because of the failure of the hand brake to work, allegedly resulting in its bumping the car in which plaintiff was standing with great force and causing steel beams therein to fall against and injure the plaintiff. This action was brought against the defendant as the railroad company responsible for the brakes on the cars.

The defendant concedes that the plaintiff made out a case on the issue of liability, but contends "that on the record as a whole, the verdict of the jury in favor of the plaintiff was against the manifest weight of the credible evidence and that on that basis the judgment below should be reversed and a new trial ordered."

If we concluded that the jury verdict here was against the weight of the credible evidence, we would agree that this court has the power and the duty to set it aside and order a new trial. Here, however, the verdict on the issue of liability has ample support in the testimony. It is well to bear in mind that the liability of the defendant railroad company did not depend upon proof of negligence. Under the Federal Safety Appliances Act (U. S. Code, tit. 45, § 1 *et seq.*—see § 11) an absolute duty was imposed upon the defendant to equip the railroad car with " efficient hand brakes ", and it is authoritatively held that testimony establishing the failure of the hand brakes to operate efficiently when applied is such substantial evidence of inefficiency as to make a case for the jury. (See *Myers* v. *Reading Co.,* 331 U. S. 477.) Here, there was such testimony.

Deas, a fellow workman of plaintiff, testified that he tightened the wheel which would actuate the hand brakes " as tight as I possibly could get it ", but that when he released the air brake " The car began to roll * * * I jumped on the car and still continued to pull, pull, but I couldn't turn it no more. It was turned as far as it could go. * * * It began to move downgrade faster and faster and I'm yelling and pulling ". There was also the testimony of one Bodrick, who stood on a pile of steel and said he could see everything, and he testified that he saw Deas check the brakes " By tightening it "; that thereafter, when Deas let the air go, the car started to roll and " Then he jumped up on the car and tried to turn the brakes and yelled out, ' No brakes ' ' No brakes ' ' No brakes ' ". Finally, there was the testimony of the witness Hockmeyer that, just after the accident, he checked the hand brake and found it was pulled up " As tight as I could make it ", thus giving corroboration to the testimony that the car did move even though the hand brake was tight.

The foregoing constitutes very substantial evidence that the brakes did not work, and, thus, were not " efficient ". (See *Myers* v. *Reading Co., supra.*) And we do not agree with the minority that Deas' testimony on cross-examination discredits him and the other witnesses as a matter of law. It could very well be that the mechanism of the air brake would force the brake shoes, though worn, tight against the wheels, whereas, because of fault in the mechanism of the hand brake, the latter would not so function. Furthermore, the testimony of Deas that the hand brake chain was not broken and that " If there was a broken rod, I didn't see it ", is not at all conclusive that the hand braking mechanism was free from some defect which would render it inefficient.

Notwithstanding variances in the over-all testimony of the plaintiff's witnesses, there was unanimity on the fact that the hand brake on the uphill freight car did not hold. The discrepancies in their testimony, and the variances between their testimony and statements as to incidental details bear only on their credibility, and, decidedly, this was a matter for the jury. " Although the court may disagree with the jury and reach a different conclusion as to the truthfulness of the testimony given upon the trial, and be assured of the truth of the witness's former affidavit or testimony which was contrary to his present testimony, he cannot invade the province of the jury and pass upon the credibility of the witness, nor set aside the verdict merely because he believes the jury erred in accepting the present testimony as true." (*Shea* v. *United States Trucking Corp.*, 200 App. Div. 821, 824, affd. 235 N. Y. 529.) Particularly in this action, based on an alleged violation of the Federal Safety Appliances Act, where there is such direct and positive testimony, as we have here, of the nonfunctioning of the hand brake, " it would be an undue invasion of the jury's historic function for an appellate court to weigh the conflicting evidence, judge the credibility of witnesses and arrive at a conclusion opposite from the one reached by the jury [citing cases]." (*Lavender* v. *Kurn*, 327 U. S. 645, 652–653.)

In our opinion, however, the verdict for the plaintiff of $165,850 is grossly excessive in amount, and a verdict in excess of $125,000 is not warranted by the record. Therefore, the judgment in favor of the plaintiff, should be reversed on the law, on the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept $125,000 in lieu of the award by verdict, together with costs and interest, in which event, the judgment is modified to that extent and is affirmed as thus modified, with costs to defendant-appellant.

STEUER, J. (dissenting). We concur with the majority on the question of damages but believe that a new trial should be ordered because the verdict was against the weight of the credible evidence. The action is brought under the Federal Safety Appliances Act and the basis of the action is that the hand brake on a railroad flat car failed to work. There are serious discrepancies in the testimony of the so-called eye witnesses and other discrepancies between testimony and statements made before trial. These, however, merely give additional weight to the physical evidence. Plaintiff's witness Deas testified he tried to apply the hand brake as the car was in motion but it failed completely to adjust, so that the speed of the car

could not be reduced. An examination of the brake mechanism immediately after the accident by this witness and others for the plaintiff failed to disclose anything wrong with the mechanism of the brake or any failure in operation. It was claimed that the brake shoe did not appear to fit tightly against the wheel. This could not have been a fault. Concededly the same shoe operated against the wheel when the air brake was in use, and concededly the shoe held at all times when the air brake was applied. So the fault, if any, could not have been in the shoe. We accordingly have the extraordinary situation of the brake being out of order at the exact time of the accident but neither before nor immediately after, and no demonstrable reason for any failure being established. This situation is met by testimony that nevertheless it happened. We realize that such testimony may be sufficient to sustain a recovery (*Carter* v. *Atlantic & St. Andrews Bay Ry. Co.*, 338 U. S. 430). However, it is the testimony that this did happen which is subject to discrepancies. It is not a case of a conceded, though unexplained, failure of equipment. The factual question is whether the equipment failed.

The grave question is not whether proof of a failure contrary to natural experience and resting on testimony that is otherwise open to serious doubt warrants a finding that the verdict is against the weight of evidence. That is not really a matter of dispute. The question is whether under the particular statute an application to set aside a verdict on that ground may be entertained. In regard to this question there is no distinction between this statute (U. S. Code, tit. 45, §§ 1–43) and the Federal Employees' Liability Act (U. S. Code 45, § 51 *et seq.*, herein FELA). In many of the cases under FELA the breach of duty involved is a failure of equipment made actionable by the preceding chapter. And in discussion of the particular question the two chapters have been considered interchangeably, no distinction being made in the application of the particular rules of practice hereinafter discussed (*Carter* v. *Atlantic & St. Andrews Bay Ry. Co.*, 338 U. S., 430 *supra*; *Harsh* v. *Illinois Term. R. R. Co.*, 348 U. S. 940; *Urie* v. *Thompson*, 337 U. S. 163).

It has been said, speaking of actions under FELA, that "The exercise of the supervisory power of the court over a jury's verdict on the issue of liability is exhausted when it appears that there is credible evidence presenting an issue of fact as to defendant's negligence." (*Hanley* v. *Erie R. R. Co.*, 273 App. Div. 257, 258.) The statement was, however, not decisional. The question was whether any restriction on the court's power

went to the extent of preventing the court from setting aside a verdict for excessiveness. It was held that it did not. This is all that can be said to be determined by the case and all that was affirmed (298 N. Y. 816) by the Court of Appeals. To determine to what extent the traditional and statutory powers exercised in actions generally is prohibited under FELA, further recourse to the sources is required. The task has been simplified by the fountainhead of authority. Concededly, this being a case under a Federal statute, that authority is the United States Supreme Court (*Sadowski* v. *Long Is. R. R. Co.*, 292 N. Y. 448). In that court the precise question has been succinctly answered: " It is apparent from the decisions where we refused to review cases in which lower courts withheld cases from the jury or set aside jury verdicts (or where, having granted certiorari, we sustained the lower courts in that action) that the system of judicial supervision still exists in this as in other types of cases." (*Harris* v. *Pennsylvania R. R. Co.*, 361 U. S. 15, 17 [DOUGLAS, J.].) And in fact the Supreme Court itself has reversed a jury verdict in an FELA case and directed a verdict for the defendant (*New York, N. H. & H. R. R. Co.* v. *Henagan*, 364 U. S. 441). The court has inveighed against invasion of the proper province of the jury, as when the court has reached a conclusion differing from that of the jury on contested facts (*Wilkerson* v. *McCarthy*, 336 U. S. 53) or drawn an inference different from what the jury drew (*Lavender* v. *Kurn*, 327 U. S. 645). In the last-cited case it might well be that many courts would conclude that the verdict was against the weight of the credible evidence and, proceeding on the assumption that the verdict was subject to that infirmity, interpreted the court's action as a holding that this was no ground for disturbing the verdict. It now appears categorically that that interpretation of the decision is unfounded, that the power and duty of the Trial Judge are in no way affected, and no new or different rule applies in FELA cases. It is always unwise to assume, in the absence of explicit direction, that a court is directed to abnegate its powers. Here, such assumption is shown to be ill founded.

The power existing, we believe the situation presented calls for its exercise.

VALENTE, J. P., STEVENS and EAGER, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion in which McNALLY, J., concurs.

Judgment in favor of the plaintiff reversed on the law, on the facts and in the exercise of discretion, the verdict vacated

and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept $125,000 in lieu of the award by verdict, together with costs and interest, in which event, the judgment is modified to that extent and is affirmed as thus modified, with costs to defendant-appellant. Settle order on notice. Appeal from order entered on April 25, 1961 denying defendant's motion to set aside the verdict dismissed as moot.