■ WENDY M. WATSON, by Her Parent and Natural Guardian, NANCY WATSON, Appellant, v PETER WATSON et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff instituted this action alleging negligence on the part of her father, E. T. Rugg Co. and W. T. Grant Co. as well as breach of warranty on the part of the corporate defendants in connection with injuries suffered when a six-year-old power riding lawn mower amputated the second and third toes on her right foot. The jury returned a verdict of no cause of action in favor of defendants in each instance. A jury verdict may not be set aside on appeal merely because the reviewing court would have reached a different result *(Jeffries v Long Is. R.R., Co.,* 15 AD2d 356). Rather, it must be affirmed "unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" *(Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829, citing *Mieuli v New York & Owens County Ry. Co.,* 136 App Div 373, 375 and *Holpp v Carafa,* 8 AD2d 617; see, also, *Rapant v Ogsbury,* 279 App Div 298, 300). Since the jury had for its consideration, *inter alia,* defendant Watson's statements as to plaintiff's prior tendency to avoid lawn mowers and his testimony that he was 30 to 60 feet away from plaintiff when he engaged the cutting blade, it was reasonable for the jury to find that he did not breach his duty to plaintiff. With respect to the corporate defendants, plaintiff's own expert admitted that the proximity of the blade to the edge of the housing was in conformity to accepted safety specifications and that the loosened condition of the guard bar was not necessarily the proximate cause of the injuries. The failure of plaintiff to present proof that the alleged defects were, in fact, latent precludes instructions to the jury as to the corporate defendants' liability for such defects *(Marion v Coon Constr. Co.,* 216 NY 178). With respect to defendant Watson's duty to plaintiff, the court adequately charged the jury as to the law in this area although in words other than those requested by plaintiff. We conclude that the charge, as a whole, was proper since the court repeatedly related the principles of law to the specific claims and evidence in the case *(Green v Downs,* 27 NY2d 205). (Appeal from judgment of Steuben Supreme Court in negligence action.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.