**Rocco M. Pagnella** et al., Respondents, v **Action For a Better Community, Inc.**, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant, a former month-to-month tenant of plaintiffs' property in Rochester, appeals from a judgment which awarded plaintiffs $400 for March, 1974 rent and damages in the amount of $18,000 for defendant's breach of contract in failing to surrender the premises in as good a condition as they were in when defendant originally took possession. Defendant asserts several errors with respect to the court's instructions on the effectiveness of its notice of termination, the continuation of the tenancy and the duty of a tenant to protect the premises from vandalism. However, we note that defendant failed to make any objection to the charge when given. Accordingly the errors, if any, contained therein were not properly preserved for appellate review (CPLR 4110-b; *Gauspari v Gorsky,* 29 NY2d 891; *Miles v R & M Appliance Sales,* 26 NY2d 451). Nor do we choose to review them in the interests of justice since in our opinion the asserted errors were not so "fundamental" in nature as to warrant a new trial (see *DiGrazia v Castronova,* 48 AD2d 249). With respect to plaintiffs' proof of damages, the testimony established that the vandalism of the premises occurred during February, 1974. Although plaintiffs' expert did not inspect and appraise the damage until June of that year, the inference that no further damage occurred between February and June was not unreasonable.

Nor was the appraisal estimate invalid, since it rested upon the assumption that the buidling had been in good repair. The conflict of testimony as to the condition of the building before the asserted damage occurred presented questions of fact for the jury's determination. Defendant also asserts that the verdict was against the weight of the credible evidence, since there was no logical basis for the jury's finding that it was liable for the March, 1974 rent. However, given the court's instructions that the tenancy did not end until June, 1974 but that plaintiffs might be required to mitigate damages, it is clear that the jury could have found that plaintiffs' failure to mitigate as of April, 1974 absolved defendant of further liability for rent. Finally, we find no error in the court's refusal to charge defendant's requests. With respect to the issue of mitigation defendant's request for a supplemental charge was properly denied since it could not identify specific deficiencies in the court's instruction on this principle. With respect to whether liability for vandalism was within the contemplation of the parties when the contract was made, the language of the court's charge essentially paralleled that of defendant's request and thus it was not error to refuse to charge the precise language requested *(Watson v Watson,* 51 AD2d 666). (Appeal from judgment of Monroe Supreme Court—rent.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.