■ JOHN DISALVO, as Limited Administrator of the Estate of ANN M. DISALVO, Deceased, Appellant, v WILLIAM R. BORTLE, Respondent.—Judgment affirmed, without costs. Memorandum: The objection raised at trial that the court erroneously failed to charge that the overtaken vehicle has a superior right of way was inadequate; it was ambiguous and failed explicitly to apprise the court of the alleged point of error. Nowhere in his objection did plaintiff's counsel expressly request the court to charge that decedent's vehicle had a superior right of way. Accordingly, plaintiff should be deemed to have waived the right to raise this issue on appeal (CPLR 4110-b; see *Pagnella v Action for Better Community,* 57 AD2d 1076; see, also, *Guaspari v Gorsky,* 29 NY2d 891). In any event it is submitted that the court's charge adequately set forth the duties and obligations of both decedent and defendant (see *Jemison v Goodman,* 49 AD2d 1011). In particular, the court read verbatim subdivisions (a) and (b) of section 1122 of the Vehicle and Traffic Law, which set forth the general rules governing the passing of a vehicle on the highway and the duties of both the overtaking and overtaken vehicles (see *Penvose v Nichele,* 55 AD2d 1052). In light of plaintiff's counsel's inadequate objection at trial and the sufficiency of the court's charge as a whole, plaintiff's contention is without merit. The court erred in excluding as hearsay certain testimony of Katherine Gruber, a passenger in decedent's vehicle, concerning a statement she made to decedent just prior to the accident. She allegedly informed decedent of the absence of any traffic in the passing lane at the time she commenced to make her turn. While it is true that such testimony would be admissible either to show decedent's state of mind at the time or to indicate that she was given assurances that the passing lane was unoccupied (6 Wigmore, Evidence, § 1789; Richardson, Evidence [10th ed], § 205), any error committed by the court in excluding this evidence was harmless inasmuch as there is little reason to believe that the jury would have reached a different verdict had such testimony been admitted *(Fabrikant v Seley,* 49 AD2d 861; see, also, *Barbagallo v Americana Corp.,* 25 NY2d 655). Another passenger present in the vehicle testified that decedent had looked into the rearview mirror a number of times and had taken a final look out the side window prior to turning. Furthermore, there was testimony that decedent had put her signal lights on approximately three quarters of a mile before making the turn. Inasmuch as the jury had for its consideration this testimony tending to establish the reasonableness of decedent's actions prior to the accident, it can hardly be said that the additional fact that a passenger in the rear seat of the car had informed her that the passing lane was clear would have had such a substantial influence on the jury as to cause it to render a different verdict. Due to the existence of conflicting testimony, the jury's verdict of no cause of action is reasonable and founded upon a fair interpretation of the evidence (see *McDowell v Di Pronio,* 52 AD2d 749; *Abdoo v Wentworth,* 49 AD2d 1002). For the reasons set forth above, setting aside this verdict and granting a new trial is unwarranted. All concur, except Cardamone and

Dillon, JJ., who dissent and vote to reverse the judgment and grant a new trial in the following memorandum: On this appeal plaintiff contends, *inter alia,* that the verdict of the jury was against the weight of the evidence and that the Trial Judge further erred in refusing to permit testimony as to what Katherine Gruber, a passenger in the DiSalvo automobile, said to the decedent immediately prior to the accident. The evidence in this case presented questions of fact as to the negligence of the defendant and the contributory negligence of the decedent, which were resolved by the jury. The verdict in favor of the defendant "should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence" *(Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829; *Abdoo v Wentworth,* 49 AD2d 1002; *Lee v Lesniak,* 40 AD2d 756). Here the jury could have credited the testimony of the defendant and his son that the tow truck was already in the passing lane when decedent attempted to turn and that decedent failed to perceive the flashing lights and the horn and failed to take care to insure that the turn could be executed with reasonable safety. The jury could find that the defendant was not negligent and/or that the decedent was contributorily negligent. Our dissent is bottomed on the fact that the testimony of the passengers in the cars following decedent, all disinterested witnesses, contradicted the Bortles' testimony with respect to whether the tow truck came up quickly, sounded its horn and whether decedent had her own signal indicator on. Under these circumstances, particularly where the contributory negligence of the decedent "shall be a defense, to be pleaded and proved by the defendant" (EPTL 5-4.2) and where the decedent is not held to as high a degree of proof as she would be in an ordinary negligence case *(Noseworthy v City of New York,* 298 NY 76), we believe that it was prejudicial error to refuse to permit Katherine Gruber to testify with respect to what she said to the decedent immediately before the collision. The trial court ruled that Katherine Gruber's statement was inadmissible as hearsay. Hearsay is defined as a statement, made out of court, that is, not made in the course of the trial in which it is offered, if it is offered for the truth of the fact asserted in the statement (Richardson, Evidence [10th ed], § 200). If the statement is offered merely to show that the statement was made, to show that the words were uttered, then the hearsay rule has no application (Richardson, Evidence [10th ed], § 205; 6 Wigmore, Evidence [Chadbourn Rev, 1976], §§ 1766, 1789; Fisch, Evidence, § 763; see *Ferrara v Galluchio,* 5 NY2d 16). While the statement would be inadmissible to show that there were in fact no cars in the northbound lane, it was relevant to show the due care exercised by decedent prior to her making a turn across the northbound lane of traffic. Generally, where relevant and competent evidence is erroneously excluded, there should be a reversal and a new trial only where the excluded matter would most likely have had substantial influence in bringing about a different verdict. Since in our view the issues in this case with respect to the negligence of the defendant and the contributory negligence of the decedent present very close questions of fact, it cannot be concluded that, as a matter of law, the jury would not have been influenced by the additional details of the decedent's due care *(Barbagallo v Americana Corp.,* 25 NY2d 655). Accordingly, we believe that plaintiff should be entitled to a new trial. (Appeal from judgment of Livingston Supreme Court—automobile negligence.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.