■ SYMBOL PRESS, INC., Appellant, v S & L PROPERTIES ASSOCIATES et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 5, 1991, which, after a jury trial, dismissed plaintiff's complaint, unanimously affirmed, without costs.

The trial court did not commit reversible error in charging the jury that in order to recover against both defendant insurer under the policy and defendant landlords for negligence, plaintiff had to establish ownership of, rather than an insurable interest in, the damaged merchandise.

Contrary to plaintiff's argument on appeal, the record shows that the only interest it attempted to prove at trial was ownership of the damaged goods, and that the trial court therefore properly fashioned its charge and verdict sheet upon the evidence presented at trial *(Spadaccini v Dolan,* 63 AD2d 110; *Watson v Watson,* 51 AD2d 666). In any event, the evidence clearly established that plaintiff, the only named insured in the action, was not entitled to recover for the damaged merchandise, since mere possession of property, does not create an insurable interest therein absent proof of a direct pecuniary loss by the insured resulting from destruction of the property *(Scarola v Insurance Co.,* 31 NY2d 411; *New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 91 AD2d 115, *affd* 60 NY2d 912), and since no documents supporting ownership were ever produced and no other insurable interest, including a bailment or artisan's lien, was ever claimed or proven at trial. Finally, we find that the trial court, in marshalling the evidence, did not, as plaintiff asserts, unfairly favor defendants, but rather set forth the parties' respective positions with regard to the ownership issue in an even-handed manner. We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.